Robert D. Garson
GS2LAW PLLC
20801 Biscayne Blvd, Suite 506
Aventura, Florida 33180
Tel: 305-780-5212
rg@gs2law.com
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FS GiiKER Technology Co. Ltd., | Civil Action No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff GiiKER Technology Co. Ltd. ("Plaintiff" or "GiiKER")[1], brings this complaint

against the individuals, corporations, limited liability companies, partnerships, and unincorporated

associations identified on Schedule A[2] (collectively, "Defendants"), who are promoting, selling,

offering for sale and distributing goods bearing confusingly similar imitations of GiiKER's intellectual

---

[1] Since it is unknown when Plaintiff's forthcoming *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets will be ruled on, Plaintiff seeks to file under seal. Copyright piracy and infringement lawsuits like this one are closely monitored by Chinese defendants on websites like www.sellerdefense.cn, social media (QQ, WeChat, etc.), and elsewhere on the internet. The www.sellerdefense.cn website and others warn infringers specifically of product types, brands, law firms filing cases, and other information necessary for defendants, like those named in this case, to evade anti-pirating and anti-infringing efforts and hide their ill-gotten gains.

[2] Schedule "A" to this Complaint will be filed under seal after this Honorable Court rules on Plaintiff's Motion to Seal, which will be submitted as soon as the case is opened, and the judge is assigned.

property within this district through various Internet based e-commerce stores using the seller identities as set forth on Schedule "A" hereto ("Seller IDs"), and in support of its claims, alleges as follows:

## INTRODUCTION

1.      This is an action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of GiiKER's copyrighted work which are covered by U.S. Copyright Office Registration Nos. VA 2-463-567 and VA 2-465-098, (the "GiiKER Copyright Registrations" or "Copyright Work") in violation of 17 U.S.C. § 501, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, *et seq*. 17 U.S.C. § 1203, and The All Writs Act, 28 U.S.C. § 1651(a).

2.      The registrations are valid, subsisting, and in full force and effect. True and correct copies of the federal copyright registration certificates for the GiiKER Copyright Registration evidencing Plaintiff GiiKER Technology Co. Ltd. as the owner of the GiiKER Copyrights are attached hereto as **Exhibit 1**.

3.      GiiKER is renowned for its innovative and interactive puzzle game designs that combine advanced electronics with educational play ("GiiKER Products"). Through its proprietary intellectual property, GiiKER licenses its copyrighted works and related design assets to select partners under carefully controlled agreements that preserve the integrity and reputation of the GiiKER brand.

4.      These licenses authorize the manufacture and sale of authentic GiiKER Products only through approved retail channels and reputable distributors.

5.      Genuine GiiKER Products may be purchased directly from GiiKER's official online storefront—an exemplar image of which is shown below as *Exemplar Image 1*—or through prestigious retail partners, including iconic institutions such as the Museum of Modern Art

2

(MoMA) Design Store, which features authorized GiiKER Products as shown below in *Exemplar Image 2*.



*Exemplar Image 1 – Depiction of Plaintiff's Official Online Storefront*[3]

---

[3] Exemplar Image 1 depicts Plaintiff GiiKER's official online storefront, where authentic GiiKER Products are promoted and sold directly to consumers. The image illustrates the distinctive visual presentation and branding associated with the GiiKER name, including its unique product design and overall aesthetic elements that have become synonymous with GiiKER's innovative puzzle and educational gaming technology..



*Exemplar Image 2 – Depiction of Authorized Retail Partner Storefront (MoMA Design Store)[4]*

6.      Through these licensing relationships and retail partnerships, GiiKER has cultivated a global reputation for quality, originality, and creative design in the puzzle gaming industry.

7.      Upon information and belief, Defendants are improperly advertising, marketing, and/or selling unauthorized products (the "Infringing Products") that unlawfully reproduce, display, and distribute works protected under Plaintiff's GiiKER Copyright Registrations.

8.      These Infringing Products are offered in direct competition with GiiKER's genuine, authorized goods, despite being manufactured and sold without GiiKER's consent or license.

---

[4] Exemplar Image 2 depicts an example of a licensed retail presentation of GiiKER's products through an authorized retail partner, the Museum of Modern Art (MoMA) Design Store.

4

9.      By reproducing GiiKER's original puzzle designs and distinctive visual elements, Defendants falsely represent their products as genuine GiiKER Products, thereby misappropriating Plaintiff's goodwill and deceiving consumers. The unauthorized sale of these Infringing Products undermines Plaintiff's legitimate licensing relationships and dilutes the exclusivity and reputation associated with the GiiKER brand.

10.      Defendants operate fully interactive commercial Internet stores under the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"), including but not limited to platforms such as AliExpress.com ("AliExpress"), Amazon.com ("Amazon"), DHgate.com ("DHgate"), eBay.com ("eBay"), and Wish.com ("Wish").

11.      Through these platforms, Defendants purposefully target U.S. consumers, including those within this Judicial District, by promoting, advertising, and selling Infringing Products using product images, descriptions, and branding materials that unlawfully copy GiiKER's copyrighted works and distinctive visual elements.

12.      Defendants design the Defendant Internet Stores to appear to be affiliated with or authorized by Plaintiff by mimicking the look and feel of GiiKER's official online storefront and authorized retail presentations, including the use of identical or substantially similar product imagery and descriptions. These deceptive tactics mislead consumers into believing they are purchasing authentic GiiKER Products, when in fact they are receiving inferior imitations that do not meet Plaintiff's quality standards.

13.      The sale of such infringing goods causes substantial harm to Plaintiff's reputation, erodes consumer trust, and diverts sales from Plaintiff's legitimate and licensed distribution channels, resulting in irreparable injury to Plaintiff's business and brand value.

## **THE PARTIES**

14.     Plaintiff FS GiiKER Technology Co., Ltd. is a corporation organized under the laws of the People's Republic of China with its principal place of business in China. GiiKER is engaged in, among other things, the business of selling electronic puzzles and related products, including through various e-commerce platforms.

15.     Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China or other foreign jurisdictions.

16.     Defendants conduct business throughout the United States, including within Florida and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores.

17.     Each Defendant targets the United States, including Florida, and has offered to sell and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including Florida and in this Judicial District.

## **JURISDICTION AND VENUE**

18.     This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

19.     This Court may properly exercise personal jurisdiction over Defendants, because each of the Defendants directly target consumers in the United States, including Florida, through at least Defendant Internet Stores.

20.     Specifically, Defendants are reaching out to do business with Florida residents by operating one or more commercial, interactive Internet Stores through which Florida residents can purchase unauthorized products embodying Plaintiff's copyrights.

21.     Each of the Defendants has targeted sales from Florida residents by operating online stores that offer shipping to the United States, including Florida, accept payment in U.S. dollars, and, on information and belief, has sold unauthorized products embodying Plaintiff's federally registered copyrights to residents of Florida.

22.     Each of the Defendants is committing tortious acts in Florida, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Florida.

23.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Defendants are foreign entities who are engaged in infringing activities and are causing harm within the district by advertising, offering to sell and/or selling infringing products to consumers in Florida, including through e-commerce stores that are accessible in Florida and operating under Merchant or Seller IDs. Screenshots of purchases from Defendants' Amazon Storefronts allowing Infringing Products to be shipped to Florida are attached to the Declaration of Su Ziming filed contemporaneously herewith, as **Exhibit 2**.

## THE PLAINTIFF

24.     Plaintiff GiiKER Technology Co. Ltd. owns all exclusive rights under the Copyright Act—including, without limitation, the rights to reproduce the copyrighted works in copies, to prepare derivative works based upon those works, and to distribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease, or lending—in and to the copyrighted works covered by U.S. Copyright Registration Nos. VA 2-463-567 and VA 2-465-098.

25.     As the owner of these rights, GiiKER has not authorized Defendants to reproduce, distribute, or otherwise exploit the works. Exemplary images from the deposit materials filed with

the U.S. Copyright Office for the works embodied in GiiKER's puzzle product designs are reproduced below (*see also* Exhibit 1).



26.     GiiKER offers for sale and sells its copyrighted puzzle product designs and related works within the State of Florida, including within this Judicial District, and throughout the United States.

27.     Like many intellectual property rights owners, GiiKER faces ongoing, daily, and sustained violations of its rights by infringers such as Defendants.

28.     The proliferation of online infringement has created an environment in which rights holders must expend significant time and resources to protect consumers and themselves from the harms caused by the unauthorized reproduction and distribution of their works. Genuine goods embodying GiiKER's copyrighted works are sold by GiiKER and its authorized licensees and distributors through approved channels.

29.     GiiKER has never granted Defendants—or any other unauthorized third party— permission to advertise, market, promote, or sell goods using GiiKER's copyrighted works.

## THE DEFENDANTS

30.     Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside or operate in foreign jurisdictions with lax

copyright enforcement systems, or redistribute products from the same or similar sources in those locations.

31.     Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).  Defendants target their business activities towards consumers throughout the United States, including within this district through the operation of, at least, the fully interactive commercial Internet based e-commerce store via the Internet marketplace websites, eBay.com, AliEpress.com, and Wish.com, under the Seller IDs.

32.     Upon information and belief, Defendants are the past and present controlling forces behind the sale of the products infringing Plaintiff's Copyright Works as described herein using at least the Seller IDs.

33.     Upon information and belief, Defendants directly engage in unfair competition by advertising, offering for sale, and selling goods bearing one or more of Plaintiff's Copyright Works to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names or seller identification aliases not yet known to Plaintiff. Defendants have purposefully directed some portion of their unlawful activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of infringing goods into the State.

34.     Upon information and belief, Defendants have registered, established or purchased, and maintained their Seller IDs. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms where they sell during the registration or maintenance process related to their respective Seller IDs.

35.     Upon information and belief, Defendants have anonymously registered and maintained some of the Seller IDs for the sole purpose of engaging in unlawful infringing activities.

36.     Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods bearing confusingly identical or similar imitations of Plaintiff's Copyright Works unless preliminarily and permanently enjoined.

37.     Defendants' Internet-based businesses amount to nothing more than unlawful operations established and operated in order to infringe the intellectual property rights of Plaintiff and others.

38.     Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of infringing goods bearing Plaintiff's Copyright Works are essential components of Defendants' online activities and are one of the means by which Defendants further their infringing scheme and cause harm to Plaintiff.

39.     Moreover, Defendants are using Plaintiff's Copyright Works to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

**DEFENDANTS' INFRINING ACTS**

40.     GiiKER has identified numerous Defendant Internet Stores linked to fully interactive websites and marketplace listings on platforms such as AliExpress, Amazon,

DHgate, eBay, and Wish, which were offering for sale, selling, and importing Infringing Products to consumers in this Judicial District and throughout the United States.

41.     Bad actors have persisted in creating such online marketplaces and internet stores like the Defendants' Internet Stores.

42.     In fact, such online marketplaces and stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price of goods seized by the U.S. government in fiscal year 2020 was over $1.3 billion.

43.     Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

44.     Counterfeiting and/or direct infringement of intellectual property has become a widespread and systemic problem throughout international commerce, particularly through e-commerce platforms that enable direct-to-consumer shipments.

45.     The economic and consumer harms caused by infringing goods, and the mechanisms by which such goods enter the U.S. market, have been well-documented by independent studies and industry analyses. These findings provide further support for the pattern of infringing conduct alleged herein. A true and correct copy of one such report is attached hereto as **Exhibit 3**.

46.     Moreover, E-commerce platforms, including large third-party marketplaces, have been identified by legal scholars and policymakers as primary channels through which infringers exploit online visibility, anonymity, and cross-border logistics to infringe intellectual property

rights. The practices described in such analyses closely parallel the conduct of Defendants alleged in this Complaint. A true and correct copy of this reference is attached hereto as **Exhibit 4**.

47.     Federal authorities have similarly recognized the increasing threat posed by infringing and pirated goods trafficked through online marketplaces and small-parcel shipments. Government reports have detailed how infringers, operating much like Defendants here, evade enforcement through the use of multiple aliases, fragmented listings, and foreign payment networks. A true and correct copy of this report is attached hereto as **Exhibit 5**.

48.     Here, Defendants are promoting, advertising, distributing, selling, and/or offering for sale goods bearing or using unauthorized copies of GiiKER's copyrighted works in interstate commerce through at least the Internet-based e-commerce stores operating under the Seller IDs.

49.     Plaintiff has not licensed or authorized Defendants to use the GiiKER Copyright Registrations or any of Plaintiff's copyrighted works, and none of the Defendants are authorized retailers of genuine GiiKER Products.

50.     Upon information and belief, Defendants also deceive unwitting consumers by referencing the GiiKER Copyright Registrations, or otherwise suggesting authorization, within the product descriptions of their Defendant Internet Stores to attract customers.

51.     In other words, Defendants are using identical or substantially indistinguishable copies of GiiKER's copyrighted works in connection with cheap, inferior goods.

52.     Defendants advertise their e-commerce stores to the consuming public via Internet marketplace websites operating under, at least, the Seller IDs.

53.     In so advertising their stores and products, Defendants improperly and unlawfully use GiiKER's copyrighted works without GiiKER's permission.

54.     By their actions, Defendants are contributing to the creation and maintenance of an unlawful marketplace operating in parallel to the legitimate marketplace for GiiKER's genuine goods.

55.     Defendants are causing individual, concurrent, and indivisible harm to GiiKER and the consuming public by (i) depriving GiiKER and its authorized partners of the right to fairly compete for space within search-engine results and reducing the visibility of GiiKER's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value and goodwill associated with GiiKER's copyrighted works, and (iii) increasing GiiKER's overall cost to market its goods and educate consumers via the Internet.

56.     As a result, Defendants are defrauding GiiKER and the consuming public for Defendants' own benefit.

57.     Upon information and belief, Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. For example, it is common practice for infringers to register Defendant Internet Stores with incomplete information, randomly typed letters, or omitted cities or states, as Defendants here have done.

58.     Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are common tactics used by Defendants to conceal their identities, the full scope and interworking of their unlawful operation, and to avoid being shut down.

59.     Upon information and belief, even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For

example, some of the Defendant Internet Stores have virtually identical layouts, even though different aliases were used to register them. In addition to operating under multiple fictitious names, Defendants in this case—and defendants in other similar cases against online infringers — use a variety of common tactics to evade enforcement efforts, including registering new online marketplace accounts under new user identities once they receive notice of a lawsuit.[5]

60.     Bad actors also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring takedown demands sent by brand owners.

61.     Bad actors like Defendants also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of infringing goods shipped through the mail and express carriers.

62.     Upon knowledge and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts outside the jurisdiction of this Court.

63.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the GiiKER Copyright Registrations and other copyrighted

---

[5]   https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumers-   about-counterfeit-goods-during (noting counterfeiters are "very adept at setting up online stores to lure the public into thinking they are purchasing legitimate good on legitimate websites") (last visited October 31, 2025).

works owned by Plaintiff in connection with the advertisement, distribution, offering for sale, and sale over the Internet of infringing products into the United States and within the State of Florida.

64.     Each Defendant Internet Store offers shipping to the United States, including Florida and, on information and belief, each Defendant has offered to sell Infreinging Products into the United States, including Florida and this Judicial District.

65.     On information and belief, at all times relevant hereto, Defendants in this action had full knowledge of GiiKER's ownership of the Copyrighted Work, including his exclusive right to use and license such intellectual property and the goodwill associated therewith.

66.     Defendants are engaging in the above-described infringing activities knowingly and intentionally or with reckless disregard or willful blindness to GiiKER's rights for the purpose of trading on GiiKER's intellectual property and reputation.

67.     If  Defendants' intentional infringing activities are not preliminarily  and permanently enjoined by this Court, GiiKER and the consuming public will continue to be harmed.

68.     Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to GiiKER.

69.     GiiKER  is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of GiiKER's intellectual property rights.

70.     GiiKER should not have any competition from Defendants because GiiKER never authorized Defendants to use GiiKER's Copyrighted Work.

71.     GiiKER has no adequate remedy at law.

## COUNT I - COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)

72.     GiiKER incorporates the allegations of paragraphs 1 through 71 of this Complaint as if fully set forth herein.

73.     GiiKER has complied in all respects with the Copyright Act of the United States and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights at issue in this action.

74.     GiiKER Technology Co. Ltd. owns all exclusive rights, including without limitation the rights to reproduce the copyrighted works in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending, in and to the works covered by U.S. Copyright Office Registration Nos. VA 2-463-567 and VA 2-465-098.

75.     Defendants directly infringed GiiKER's exclusive rights in its copyright.

76.     Defendants copied, displayed, and distributed GiiKER Copyrighted Work and/or prepared derivative works based upon GiiKER Copyrighted Work in violation of GiiKER's exclusive rights under 17 U.S.C. §106.

77.     Alternatively, Defendants' representations of Plaintiff's copyrighted works for the GiiKER Products in the Defendant Internet Stores are strikingly similar, or at the very least substantially similar, to Plaintiff's copyrighted works protected under the GiiKER Copyright Registrations, and constitute unauthorized copying, reproduction, distribution, creation of derivative works, and/or public display of Plaintiff's copyrighted works. For example, Defendants deceive unwitting consumers by using GiiKER's copyrighted works without authorization within the product descriptions of their Defendant Internet Stores to attract customers, as illustrated below:

*Exemplary Images of Plaintiff's Registered Tic-Tac-Toe Copyright Works*



*Compared to Exemplary Online Stores selling Infringing Tic Tac Toe Product:*



78.     Defendants' exploitation of Plaintiff's copyrighted works for the GiiKER Products in the Defendant Internet Stores constitutes infringement of Plaintiff's exclusive rights under the GiiKER Copyright Registrations.

79.     Defendants' conduct constitutes willful and direct copyright infringement of GiiKER's Copyrighted Work.

80.     Defendants profited from the direct infringement of the exclusive rights of GiiKER in the works at issue in this case under the Copyright Act.

81.     Upon information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

82.     As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiffs. Accordingly, Plaintiffs seek an award of damages pursuant to 17 U.S.C. § 504.

83.     In addition to GiiKER's actual damages, GiiKER is entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). Each Defendant should be required to account for all gains, profits, and advantages derived by each Defendant from their acts of infringement.

84.     In the alternative, GiiKER is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

85.     GiiKER is entitled to, and may elect to choose injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing work and for an order under 17 U.S.C. § 503 that any of Defendants' infringing products be impounded and destroyed.

86.     GiiKER seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

87.     GiiKER has no adequate remedy at law, and, if Defendants' actions are not enjoined, GiiKER will continue to suffer irreparable harm to their reputation and the goodwill of their well-known GiiKER Copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GiiKER demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a. Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C.§§ 502(a) and 503, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell infringing goods; from infringing the Copyrighted Work; from using the Copyrighted Work, or any design similar thereto, in connection with the sale of any unauthorized goods; from using any reproduction, infringement, copy, or colorable imitation of the Copyrighted Work in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; and from otherwise unfairly competing with GiiKER.

b. Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using the Copyrighted Work.

c. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon GiiKER's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs

and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing infringements of the Copyrighted Work.

d.      Entry of an order authorizing seizure, impoundment and/or destruction of all the products used to perpetrate the infringing acts pursuant to 17 U.S.C. § 503.

e.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon GiiKER's request, any messaging service and Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) registry for the Seller IDs who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller IDs.

f.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon GiiKER's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, *inter alia*, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods bearing infringements of the Copyrighted Work via the e-commerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the "parent" and/or "child" Amazon Standard Identification Numbers ("ASIN") on Schedule "A" annexed hereto, and upon GiiKER's request, any other listings and images of goods bearing infringements of the Copyrighted Work associated with any ASIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing infringements of the Copyrighted Work.

g.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon GiiKER's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant bearing the Copyrighted Work in its inventory, possession, custody, or control, and surrender those goods to GiiKER.

h.      Entry of an Order requiring Defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or qualities of their products, including without limitation, the placement of corrective advertising and providing written notice to the public.

i.      Entry of an Order requiring Defendants to account to and pay GiiKER for all profits and damages resulting from Defendants' copyright infringement, or statutory damages (at GiiKER's election), for all infringements involved in the action, with respect to any one work, for which any one Defendant is liable individually, or for which Defendants are liable jointly and severally with another, in a sum of not less than $750 or more than $30,000 as the Court considers just pursuant to 17 U.S.C. §504(c)(1), or to the extent the Court finds that infringement was committed willfully, an award of statutory damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504(c)(2).

j.      Entry of an Order requiring Defendants to pay GiiKER for all profits and damages resulting from Defendant's violations of 17 U.S.C. § 1202 or statutory damages (at GiiKER's election) per violation, for which Defendants shall be liable in a sum per violation of not less than $2,500 or more than $25,000 per violation pursuant to 17 U.S.C. §1203.

k.      Entry of an award, pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203, of GiiKER's costs, disbursements, and reasonable attorneys' fees, associated with bringing this lawsuit.

l.      Entry of an Order that, upon GiiKER's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to GiiKER in partial satisfaction of the monetary judgment entered herein.

m.      Entry of an award of pre-judgment interest on the judgment amount.

n.      Entry of an Order for any further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues triable.

Dated: November 5, 2025
      Aventura, FL

                          **GS2LAW PLLC**
                          Robert D. Garson
                          20801 Biscayne Blvd, Suite 506
                          Aventura, Florida 33180
                          Tel: 305-780-5212
                          rg@gs2law.com

                          *Counsel for Plaintiff*