UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FS GiiKER Technology Co. Ltd., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No. 1:25-cv-25129-PCH |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

**THIS CAUSE** is before the Court upon Defendants Morehomy, Jiheng, Younan, BACARE-USA, VISREFUR Direct, MobiVerse, yundaous, COUOMOXA, Kusong Direct, and OUYANG2024 Unopposed Motion for Entry of a Confidentiality and Protective Order (ECF No. 39) in connection with discovery in this case. Plaintiff does not oppose entry of the requested confidentiality and protective order.

The Parties believe that discovery in this Action will require the production of trade secrets, confidential business information, financial information, and other proprietary materials related to Amazon account data, sales and profitability records, inventory logistics, supplier identities, payment processor accounts, and similar sensitive commercial information. The Parties therefore seek a protective order limiting the disclosure of such information in accordance with Federal Rule of Civil Procedure 26(c).

1

The Court, having reviewed the Motion and being otherwise advised in the premises finds that good cause exits for entry of the requested confidentiality and protective order. Accordingly, the Motion is **GRANTED**. The Parties shall abide by the following provisions over the course of discovery:

**1. Designation of Protected Material**

Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes confidential or proprietary information or trade secrets of the Party or of non-Parties to whom the Party reasonably believes it owes an obligation of confidentiality ("Protected Material"). Protected Material shall be designated by affixing the legend:

"CONFIDENTIAL"

on each page containing Protected Material. For deposition transcripts, the designation shall appear on the cover page of the transcript after counsel receives notice of the designation.

**2. Prior Designations**

Any document previously produced with a "Confidential" or "Confidential – Attorneys' Eyes Only" designation shall receive the same treatment under this Order unless and until re-designated.

**3. Scope of DESIGNATED MATERIAL**

"DESIGNATED MATERIAL" refers to all materials designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY," including:

(a) documents and electronically stored information;

(b) deposition or hearing testimony;

(c) pleadings and exhibits;

(d) affidavits;

(e) stipulations; and

(f) all copies, reproductions, extracts, summaries, digests, or derivatives thereof.

### 4. Inadvertent Production

Inadvertent production of undesignated Protected Material shall not constitute a waiver. A producing Party may designate such materials as CONFIDENTIAL or RESTRICTED – ATTORNEYS' EYES ONLY at any time upon discovering the inadvertent lack of designation by providing written notice to the receiving Party. Upon notification, the receiving Party shall promptly destroy all undesignated copies and any documents, information or material derived from or based thereon, and replace them with correctly designated versions.

### 5. Persons Who May Access "CONFIDENTIAL" Material

CONFIDENTIAL material may be disclosed only to:

(a) outside counsel of record for the Parties;

(b) employees of such counsel;

(c) in-house counsel with responsibility for decisions related to this Action;

(d) up to three (3) Party representatives reasonably necessary for this Action;

(e) outside consultants or experts retained for this Action, subject to Appendix A;

(f) litigation support services (court reporters, copying services, etc.);

(g) the Court and its personnel.

**6. Good-Faith Basis**

A Party shall designate material CONFIDENTIAL only upon a good-faith belief that it qualifies for such protection.

**7. Use Restriction**

DESIGNATED MATERIAL shall be used solely for purposes of this Action and not for any other purpose.

**8. Higher Level Designation: "RESTRICTED – ATTORNEYS' EYES ONLY"**

If a producing Party believes that CONFIDENTIAL protection is insufficient for certain highly sensitive commercial information (such as detailed Amazon account identifiers, sales and profit breakdowns, supplier identities, internal pricing strategies, keyword strategies, financial routing data, or payment processor information), it may designate the material:

"RESTRICTED – ATTORNEYS' EYES ONLY."

**9. Access to RESTRICTED – ATTORNEYS' EYES ONLY Material**

Access to such material is limited to:

(a) outside counsel of record;

(b) employees of outside counsel;

(c) experts and consultants approved under Appendix A;

(d) litigation support services;

(e) the Court.

In-house counsel may access such material only if they have no competitive decision-making responsibilities with respect to Amazon marketplace operations.

**10. Privileged Material**

Nothing in this Order requires disclosure of documents protected by attorney-client privilege, work-product doctrine, or other privileges. Inadvertent production of privileged material shall not constitute a waiver. The claw-back process in Fed. R. Civ. P. 26(b)(5)(B) shall apply.

**11. No Disclosure to Unauthorized Persons**

DESIGNATED MATERIAL shall not be disclosed to any person not authorized under this Order.

**12. Use at Depositions or Hearings**

DESIGNATED MATERIAL may be used during depositions or hearings only with individuals authorized to access such materials.

**13. Designation of Deposition Transcripts**

Deposition transcripts may be designated confidential within 30 days of receipt. Until then, the entire transcript shall be treated as CONFIDENTIAL.

**14. Use at Trial**

Nothing in this Order prevents the Parties from introducing DESIGNATED MATERIAL at trial, subject to further orders of the Court.

**15. Challenging a Designation**

A Party may request in writing that a designation be withdrawn. If unresolved after 10 days, the requesting Party may seek relief from the Court. The designating Party bears the burden of justification.

### 16. Expert and Consultant Acknowledgment

Experts must sign Appendix A before accessing DESIGNATED MATERIAL.

### 17. Third-Party Information

Third Parties may designate their materials as CONFIDENTIAL or RESTRICTED – ATTORNEYS' EYES ONLY. Such designations must be made within 10 days of production. Until such designation period expires, the material shall be treated as CONFIDENTIAL.

### 18. Return or Destruction

Within 30 days after final termination of this Action, DESIGNATED MATERIAL shall be returned or destroyed, with certification upon request.

### 19. No Waiver of Objections

Failure to designate or objection timing does not waive any right to challenge or seek further protection.

### 20. Enforcement

Any Party believing another Party intends to violate this Order may move the Court for enforcement. Until resolution, the challenged conduct shall not proceed.

### 21. No Publication

Production of DESIGNATED MATERIAL shall not be deemed a publication or waiver of confidentiality.

### 22. Modifications

Any Party may move to modify this Order or seek additional protections.

**23. Claw-Back Procedures**

(a) Non-privileged material inadvertently produced without designation may be clawed back by written notice; the receiving Party must destroy unmarked copies and replace them with designated versions.

(b) Privileged material inadvertently produced may be clawed back under Fed. R. Civ. P. 26(b)(5). The receiving Party must comply with Rule 26(b)(5)(B).

**24. Dispute Resolution**

Disputes regarding designations must be addressed under Southern District of Florida Local Rule 26.1(g) and the Court's Discovery Practices and Procedures, available on the undersigned's public court website. No disclosure may occur until the objection is resolved.

**25. Filing Under Seal**

This Order does not itself authorize sealing. Any Party seeking to file DESIGNATED MATERIAL under seal must comply with Southern District of Florida Local Rule 5.4. The Parties should not presume that leave to file under seal will be granted on the sole basis that the proposed filing contains material designated as confidential. Any motion for leave to file under seal must be filed sufficiently in advance of the proposed filing to afford the Court opportunity to consider and resolve the motion for leave to file under seal.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 1st day of December, 2025.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FS GiiKER Technology Co. Ltd., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No. 1:25-cv-25129-PCH |

## APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS
## REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

2. My current employer is _____.

3. My current occupation is _____.

4. I have received and read the Protective Order entered in FS GiiKER Technology Co. Ltd. v. Defendants Identified on Schedule A, Case No. 1:25-cv-25129.

5. I agree to be bound by its terms and will not disclose or use any "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" material except as permitted.

6. At the termination of this Action, I will return or destroy all DESIGNATED MATERIAL in my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed..

7. I hereby submit to the jurisdiction of this Court for enforcement of the Protective Order.

8. I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____ Date: _____