**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| FS GiiKER Technology Co. Ltd., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON <br><br> SCHEDULE A, <br><br> Defendants. | Civil No. 1:25-cv-25129-PCH |

**PLAINTIFF'S STATUS REPORT**

Plaintiff FS GiiKER Technology Co. Ltd. ("Plaintiff" or "GiiKER") respectfully submits this status report pursuant to the Court's instructions at the March 13, 2026 hearing and in advance of the hearing presently scheduled for Friday, March 20, 2026.

**I.      Trial and Remaining Discovery Issues.**

Plaintiff remains prepared to move this case forward on an expedited schedule. Plaintiff is amenable to a bench trial on damages, including a bench trial conducted by Zoom if the Court prefers, and is available for an expedited setting at the end of April 2026, subject to the Court's availability. To streamline any such proceeding, Plaintiff is also amenable to a procedure under which direct testimony is submitted by declaration in advance, with live cross-examination, re-direct, and any necessary Court questions to be taken live at the hearing or trial.

Plaintiff is likewise prepared to move promptly on damages-related discovery. Plaintiff anticipates that it can substantially complete its own damages-related production within two

weeks. That production will include the materials on which Plaintiff may rely to support its actual-damages and/or lost-profits theories, as well as any materials relevant to Defendants' profits to the extent those materials are in Plaintiff's possession. Plaintiff is also open to meeting and conferring with Defendants regarding a reciprocal, cost-saving translation protocol under which the parties would identify, in advance, the foreign-language documents they intend to rely on affirmatively in motion practice, declarations, or at hearing/trial, so that only those materials are translated unless good cause is shown for additional translations.

Finally, Plaintiff would like to issue request for admission to narrow fact issues remaining for summary judgment and trial.

## II.   Motions for Summary Judgment.

At the same time, Plaintiff respectfully submits that the most efficient next step would be to permit motion practice on damages before requiring the parties to incur the expense of expert discovery and full pretrial submissions. In Plaintiff's view, the remaining damages issues are driven primarily by business records, marketplace data, financial records, and party declarations authenticating and explaining those records. In copyright cases, courts in this Circuit have resolved or narrowed damages issues on summary judgment when the record is sufficiently developed. *See, e.g., Microsoft Corp. v. Technology Enters., LLC,* No. 06-CIV-22880, Order on Cross-Motions for Summary Judgment as to Damages, at 1, 3–4 (S.D. Fla. Mar. 28, 2011) (granting summary judgment on actual copyright damages where plaintiff submitted a detailed declaration tying the damages calculation to discovery materials and defendants' admissions).

Plaintiff respectfully submits that permitting briefing for summary judgment would save substantial time and expense. If the Court permits summary-judgment briefing on damages first, that process may resolve the damages issues entirely or, at minimum, significantly narrow the

issues before any expert discovery or trial. Put differently, if the Court ultimately expects the

parties to submit a full suite of pretrial documents, Plaintiff believes it would be more efficient

first to determine whether those issues can be decided, or materially narrowed, on the paper record.

Much of the likely proof will be documentary in any event, and the streamlined nature of the

liability phase suggests that the remaining damages issues may likewise be handled efficiently

through motion practice or, failing that, a short bench trial.

Accordingly, Plaintiff respectfully requests that the Court consider entering a schedule

along the following lines:

1. Plaintiff to substantially complete its damages-related production within fourteen (14) days;

2. Defendants to substantially complete any supplemental damages-related production within fourteen (14) days;

3. The parties to meet and confer regarding any reciprocal translation protocol and identify the foreign-language documents they presently expect to use affirmatively in motion practice or at trial;

4. Dispositive motions directed to damages to be filed promptly after substantial completion of the parties' damages-related production; and

5. If any issues remain after motion practice, an expedited bench trial on the remaining damages issues to be held at the end of April 2026 or thereafter, subject to the Court's calendar.

If the Court prefers to proceed directly to a bench trial rather than allow summary-judgment practice on damages, Plaintiff remains prepared to do so on an expedited late-April setting, and is prepared to work with Defendants on an accelerated pretrial schedule.

Dated: March 18, 2026
      Aventura, Florida

By: */s/ Robert D. Garson*
Robert D. Garson
Michael Steinmetz (admitted pro hac vice)
GS2Law PLLC
20801 Biscayne Blvd., Suite 506
Aventura, FL 33180
Telephone: 305-780-5212
Email: rg@gs2law.com;

Michael Steinmetz *(admitted pro hac vice)*
Garson Segal Steinmetz Fladgate LLP
225 Broadway, 37th Floor,
New York, NY 10007
Telephone: (212) 380-3623
E-mail: ms@gs2law.com

*Attorneys for Plaintiff*