**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| FS GiiKER Technology Co. Ltd., | Case No. 1:25-cv-25129-PCH/Louis |
| Plaintiff, | |
| v. | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | |
| Defendants. | |

## DEFENDANTS' STATUS REPORT REGARDING DEFICIENCIES IN PLAINTIFF'S DISCOVERY OBJECTIONS AND DEFENDANTS' CONCERNS REGARDING IMMINENT DISCOVERY COMPLIANCE

Defendants Morehomy, Jiheng, Younan, BACARE-USA, VISREFUR Direct, MobiVerse, yundaous, COUOMOXA, Kusong Direct, and OUYANG2024 (collectively, "Defendants") respectfully submit this Status Report to alert the Court to systemic deficiencies in Plaintiff FS GiiKER Technology Co. Ltd.'s ("Plaintiff") discovery objections served on April 1, 2026, and to request the Court's guidance in advance of the April 4, 2026 response deadline.

### I. BACKGROUND AND PROCEDURAL CONTEXT

This matter is proceeding on an expedited discovery schedule governing Defendants' Second Set of Requests for Production ("RFPs"), Interrogatories ("ROGs"), and Requests for Admission ("RFAs"). The Court ordered that: (1) objections to discovery requests were due within seven (7) days of service; and (2) complete discovery responses are due within ten (10) days of service. Based on the date of service, the deadline to serve objections was April 1, 2026,

and the deadline for Defendants to respond to those objections and for full discovery responses to be served is April 4, 2026. The Court has specifically directed the parties to cooperate in good faith and to report promptly to the Court if any party fails to comply.

Plaintiff served its objections to all three sets of discovery on April 1, 2026. Defendants promptly reviewed those objections and, on April 2, 2026, served three meet-and-confer letters identifying systemic and pervasive deficiencies. Defendants demanded a written response by April 3, 2026 at 11:59 a.m. Eastern Time. As of the filing of this Status Report, Plaintiff has not responded to any of the three letters. Given the proximity of the trial date and the expedited nature of the schedule, Defendants respectfully submit this Status Report to preserve the record and to request the Court's assistance in ensuring timely and compliant discovery responses.

## II.  SUMMARY OF DEFICIENCIES IN PLAINTIFF'S OBJECTIONS

Defendants' meet-and-confer letters, and Plaintiff's Objections, attached hereto as Exhibits 1, 2, and 3, identify three categories of systemic deficiencies across Plaintiff's objections to the RFPs, ROGs, and RFAs respectively. The deficiencies are substantially identical across all three sets and are summarized below.

### A.  Boilerplate Objections Without Particularized Explanation

Plaintiff responded to twenty RFPs, ten ROGs, and nineteen RFAs with verbatim, one-sentence boilerplate objections asserting that the requests are "overly broad, unduly burdensome, and not proportional to the needs of the case." No explanation was provided for any individual request. Judge Louis's Discovery Procedures (See Exhibit 4) expressly state that "[b]lanket, unsupported objections" of this type are "meaningless, and disregarded by the Court," and that "[a] party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome." See also S.D. Fla. L.R. 26.1(e)(2)(A).

These boilerplate objections are particularly problematic given the subject matter at issue. For example, RFP Nos. 1–3 seek Plaintiff's own damages computations — the evidentiary foundation for the upcoming trial. RFP No. 20 seeks only documents Plaintiff intends to rely upon at the damages trial. ROG No. 1 asks Plaintiff to describe each category of monetary relief it seeks and the method of calculation. ROG No. 22 seeks the specific percentage of profits Plaintiff attributes to the Deposit Photographs under 17 U.S.C. § 504(b). That Plaintiff objects to producing its own trial exhibits and damages contentions as "overly broad" is facially untenable.

**B.  Failure to State Whether Documents Are Being Withheld**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that an objection "state whether any responsive materials are being withheld on the basis of that objection." Judge Louis's procedures reinforce this requirement. Plaintiff's objections fail in two distinct ways: (1) for twenty RFPs, the responses consist solely of boilerplate objections with no production commitment whatsoever, leaving Defendants entirely unable to determine whether any documents will be produced; and (2) for the remaining RFPs, Plaintiff recites a formulaic objection followed by the statement that it "will produce non-privileged documents responsive to this Request to the extent they exist" — a format Judge Louis's procedures expressly prohibit — without stating whether the objection causes any documents to be withheld.

**C.  Invalid Objections Not Recognized Under the Federal Rules**

Plaintiff raised several objections that are not cognizable under the Federal Rules of Civil Procedure or Judge Louis's procedures:

First, **RFA Objection — "Complex Market Dynamics."** Plaintiff objected to nineteen RFAs on the ground that each "improperly seeks to characterize complex market dynamics in a simplified manner." This is not a recognized objection under Rule 36, the Local Rules, or Judge

Louis's procedures. To the extent Plaintiff disagrees with the factual premise of an RFA, the proper response under Rule 36(a)(4) is a denial or a qualified admission, not an objection.

Second, **ROG and RFA Objection — "Calls for Legal Conclusions."** Plaintiff objected to ten ROGs and eleven RFAs on the ground that they "call for legal conclusions." Federal Rule of Civil Procedure 33(a)(2) expressly provides that an interrogatory "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Similarly, Rule 36(a)(1)(A) expressly authorizes RFAs concerning "facts, the application of law to fact, or opinions about either." The interrogatories and RFAs at issue ask Plaintiff to state facts, describe its contentions, or identify documents, all permissible under Rules 33 and 36.

Third, **RFA Objection — "Calls for Speculation."** Plaintiff objected to six RFAs on the ground that they "improperly call for speculation." This is not a recognized ground for objection under Rule 36. If Plaintiff cannot truthfully admit or deny a request due to lack of information, the proper response under Rule 36(a)(4) is to state in detail why it cannot do so, not to object.

### D.  Additional Specific Deficiencies

Plaintiff's objections contain additional specific deficiencies identified in Defendants' meet-and-confer letters, including: (1) RFP No. 17, which is incomplete as served, with an entire clause missing between the objection and the production statement; (2) ROG Nos. 2, 16, and 25, which contain apparent drafting and copy-paste errors, including ROG No. 25 in which the interrogatory text was omitted entirely and replaced with boilerplate objection language; and (3) RFA No. 1, which is incomplete as served, cutting off after "Subject to and without waiving the foregoing objection" with no admission or denial following.

### III.    DEFENDANTS' CONCERNS REGARDING UPCOMING DISCOVERY COMPLIANCE

The pattern of deficiencies described above raises serious concerns about whether Plaintiff will provide substantive, compliant discovery responses by the applicable deadline. With the damages trial scheduled for April 20, 2026, any further delay in obtaining Plaintiff's damages computations, apportionment contentions, supporting documents, and trial exhibits would be irreparably prejudicial to Defendants.

Defendants are particularly concerned that Plaintiff may use these boilerplate objections as a pretext to withhold or delay production of the core evidentiary materials at issue in the trial, including: Plaintiff's complete § 504(b) profit attribution analysis, the specific percentage of Defendants' revenues Plaintiff contends is attributable to the Deposit Photographs, Plaintiff's own damages computations and supporting financial data, and all documents Plaintiff intends to use as trial exhibits. Plaintiff bears the burden of proving its damages at trial. Defendants are entitled to these materials well in advance of trial in order to prepare their defense.

Defendants further note that Plaintiff's responses to the ROGs and RFPs confirm that it has refused to state any specific profit attribution percentage under § 504(b) or to produce any supporting apportionment analysis, while its RFA responses admit that it has never licensed the Deposit Photographs to any third party and has no comparable transaction to serve as a benchmark for a reasonable royalty. These deficiencies underscore the importance of obtaining Plaintiff's complete and compliant discovery responses at the earliest opportunity.

## IV.  RELIEF REQUESTED

For the foregoing reasons, Defendants respectfully request that the Court:

1. Take note of the deficiencies in Plaintiff's April 1, 2026 objections as detailed in this Status Report and the attached Exhibits 1–3;

2.  Direct Plaintiff to serve fully compliant, supplemented objections and complete discovery responses within such time as the Court deems appropriate, but in no event later than April 7, 2026, given the April 20 trial date;

3.  Advise the parties of any procedures the Court requires for the filing of a Motion to Compel in the event Plaintiff fails to cure the identified deficiencies; and

4.  Grant such other and further relief as the Court deems just and proper.

DATED: April 3, 2026        Respectfully submitted,

By:
/s/ Jianyin Liu
Jianyin Liu
Florida Bar No. 1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209-6188

Hongchang Deng (*Pro hac vice*)
California Bar No. 354529
rdeng@lawmayus.com
Yi Yi (*Pro hac vice*)
California Bar No. 353482
yiyi@lawmayus.com
Xiangru Chen (*Pro hac vice*)
Washington Bar No. 64505
jane.chenxr@gmail.com
LawMay P.C.
2108 N St., Ste.9124
Sacramento, CA 95816
M: 747-241-3130

*Attorneys for Defendants Morehomy, Jiheng, Younan, BACARE-USA, VISREFUR Direct, MobiVerse, yundaous, COUOMOXA, Kusong Direct, and OUYANG2024*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on April 3, 2026.

*/s/ Jianyin Liu*

Jianyin Liu