**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| FS GiiKER Technology Co. Ltd., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No. 1:25-cv-25129 |

**ORDER**

THIS CAUSE is before the Court on Plaintiff FS GiiKER Technology Co. Ltd.'s ("GiiKER") Motion for New Trial on Damages and/or to Alter or Amend the Court's Oral Damages Ruling [ECF No. 216] (the "Motion"). Defendants filed a Response in Opposition to the Motion [ECF No. 222], and Plaintiff filed a Reply in Support of the Motion [ECF No. 224]. The Court held a hearing on the Motion on May 20, 2026 (the "Hearing"). For the reasons stated on the record at the Hearing, which the Court hereby adopts and incorporates by reference, and for the reasons stated below, the Motion is denied.

Under Rule 59, a court may grant a new trial where there has been (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *See Blue Chip All., LLC v. Chetu, Inc.*, No. 0:22-CV-61602, 2025 WL 4038069,

1

at *2 (S.D. Fla. Dec. 2, 2025). Motions for a new bench trial under Rule 59 "are to be granted sparingly" and cannot be used "merely to relitigate old issues already decided." *Id.*

As discussed in detail at the Hearing, GiiKER has failed to show any of the necessary reasons for granting a new trial. GiiKER does not contend, let alone cite, any change in controlling law. GiiKER does not claim that there has been any newly discovered evidence that was not available to it at the time of the Damages Trial. Indeed, the "new" expert evidence proffered by GiiKER in its Motion was available to GiiKER before the trial, and GiiKER chose not to present it. Moreover, GiiKER has made no showing of clear error or manifest injustice; all of GiiKER's claims of error and injustice are merely attempts to relitigate issues already decided at the Bench Trial. Finally, GiiKER has cited no authority, and the Court is aware of none, for GiiKER's argument that it is entitled to a new trial so that it can present a theory of damages—a reasonable license fee—that GiiKER specifically waived on multiple occasions, including in the pre-trial stipulation [ECF No. 194].

For the foregoing reasons, and for the reasons stated on the record at the Hearing, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion [ECF No. 216] is **DENIED.**

**DONE and ORDERED** in Miami, Florida, on May 21, 2026.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Cc: Magistrate Judge Lauren Louis
All counsel of record